# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| CHARLES-CLIFTON BEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-1949C |
| v. | ) | (Filed: March 23, 2026) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Charles-Clifton Beal, Represa, CA, pro se.

Deborah Ann Bynum, United States Department of Justice, Washington, DC, with whom were Patricia M. McCarthy and Brett A. Shumate, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

In a Complaint filed on November 8, 2025, pro se plaintiff, ":Charles-Clifton Beal:"— who is currently incarcerated in a state prison in California—asserts he has suffered a "taking of private property," "civilian pay," and "breaches of contracts involving the federal government." Compl. at 1, Dkt. No. 1. The assertions are difficult to follow, but they appear to arise primarily out of Mr. Beal:'s belief that the United States Department of the Treasury ("Treasury Department") and other unspecified federal agencies "put [a] bank trust account [in his] name at [a] Federal Reserve Bank as [a] savings bond," but that they "will not give [the] account back or send [him his] money." Id. at 1–2. He therefore requests, among other things, that the Court direct the $100,000,000 that he claims is held in the alleged trust account be returned to him.

On January 16, 2026, the government filed a Motion to Dismiss Mr. Beal's Complaint in accordance with RCFC 12(b)(1) based on lack of jurisdiction. See Mot. to Dismiss, Dkt. No. 14; Order, Dkt. No. 12 at 1. For the reasons set forth below, the government's Motion is **GRANTED**, and the case is **DISMISSED** without prejudice.

**DISCUSSION**

### I.    In Forma Pauperis Petition

On November 14, 2025, Mr. Beal: filed a Motion for Leave to Proceed in Forma Pauperis. Dkt. No. 2. The Court found that Motion defective because it did not include a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of his Complaint, as required by 28 U.S.C. §§ 1915(a)(2). At the Court's direction, Dkt. No. 6, Mr. Beal: filed a corrected Motion on January 27, 2026. Dkt. No. 7. Because his corrected Motion establishes Mr. Beal: is unable to pay the Court's filing fee, that Motion, Dkt. No. 7, is **GRANTED**, and his original defective Motion, Dkt. No. 2, is **DENIED as moot**.

### II.    Motion to Dismiss

The Tucker Act grants the United States Court of Federal Claims the authority "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as both a jurisdictional grant and waiver of the government's sovereign immunity, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, "must identify a separate source of substantive law that creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

Allegations of subject-matter jurisdiction "must satisfy a relatively low standard" to survive a motion to dismiss under RCFC 12(b)(1). Boeing Co. v. United States, 968 F.3d 1371,

2

1383 (Fed. Cir. 2020). Nonetheless, the Court will not accept as true allegations that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." Id. (quoting Shapiro v. McManus, 577 U.S. 39, 45 (2015)). In this case, Mr. Beal:'s allegations—that the Treasury Department created a trust in his name and deposited $100 million in that trust which it has not permitted him to redeem—fall within all of these categories.

Indeed, to the extent the Court can follow Mr. Beal:'s claims, they appear to bear many of the hallmarks of the so-called "sovereign citizen" movement beginning with his use of bizarre punctuation for his name. See, e.g., Compl. at 1; United States v. Falice, No. 98-CR-00244, 2021 WL 5629246, at *1 (W.D.N.C. Nov. 30, 2021) (noting that sovereign citizens typically use dashes and colons in their names). Further, sovereign citizens believe "the federal government went bankrupt when it abandoned the gold standard in 1933 and began converting the physical bodies of its citizens into assets against which it could sell bonds." United States v. Anzaldi, 800 F.3d 872, 875 (7th Cir. 2015). They also believe that "knowledgeable citizens can redeem these assets and, through manipulating them in various imagined accounts, use them to their advantage." Id.; see also Wood v. United States, 161 Fed. Cl. 30, 34–35 (2022). Likewise, Mr. Beal:'s allegations are grounded in the notion that the United States has created an account in his name "as [a] savings bond" but that it is refusing to allow him to redeem it.

Courts have repeatedly held these sorts of kinds of allegations are frivolous and fictitious and have summarily dismissed lawsuits that are based on sovereign citizen theories. See, e.g., Ammon v. United States, 142 Fed. Cl. 210, 219–20 (2019); Gravatt v. United States, 100 Fed. Cl. 279, 286–88 (2011) (dismissing sua sponte sovereign citizen claim founded on alleged trust fund account with the Treasury Department); Charlotte v. Hansen, 433 F.App'x 660, 661 (10th Cir. 2011) (explaining the sovereign citizen theory "has no conceivable validity in American law"

(quoting United States v. Schneider, 911 F.2d 1569, 1570 (7th Cir. 1990))); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (stating sovereign citizen "theories should be rejected summarily"); United States v. Sterling, 738 F.3d 228, 223 n.1 (11th Cir. 2013) (explaining courts "have summarily rejected [sovereign citizen] legal theories as frivolous"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (finding a sovereign citizen's claims were "completely without merit" and "patently frivolous"). This Court agrees with these courts that the proper disposition of such claims is dismissal for lack of subject-matter jurisdiction.

## CONCLUSION

Based on the foregoing, the government's Motion to Dismiss, Dkt. No. 14, is **GRANTED**, Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction, and his two defective filings are rejected. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

_____

ELAINE D. KAPLAN

Judge

4